UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON HALL,

      Plaintiff,

vs.

                                   CASE NO. 1:15-CV-00-119-CC-GGB

FREDERICK J. HANNA
& ASSOCIATES, P.C.,

      Defendants.

_____/

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

I.    LEGAL STANDARD FOR FED.R.CIV.P 12(B)(6) DISMISSAL

      For purposes of a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations and view them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir.).  A claim can only be dismissed if Plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding,

467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson,

355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## II.   STATEMENT OF THE CASE, ARGUMENT, AND CITATION TO AUTHORITIES

On October 2, 2013, the Defendant (Hanna), a high-volume debt collection

law firm, filed a lawsuit in the State Court of Dekalb County, Georgia, on behalf of

its client to collect a debt resulting from the Plaintiff's alleged default on a written

retail installment sales contract. [Complaint, ¶ 17].  By any measure the suit was

filed within Georgia's statutory six-year limitation period for actions on written

contracts, O.C.G.A. § 9-3-24. However, the Plaintiff was not served with the

summons and complaint until October 27, 2014. [Complaint, ¶ 18]. Hanna does not

dispute in its motion the Plaintiff's allegation that the complaint was served after

the expiration of the limitations period. However, it discounts that fact as irrelevant

because "Georgia law unequivocally holds that a civil action may be served after

the limitation period has expired so long as the complaint itself is timely

filed." [Def. brief, pg. 6].  Hanna claims the service "relates back" to the date of

filing. [Def. brief, pg. 8].  However, Hanna's use of the term "unequivocal"

casually glosses over the fact that in the determination of whether service "relates

back', Georgia courts will also examine the degree of diligence the complainant

used in effecting service. The Plaintiff contends that the service did not relate back

2

because Hanna failed to exercise the necessary diligence in serving this Plaintiff during the three hundred and ninety (390) days between the filing date and the service date.

Pursuant to O.C.G.A. § 9-3-24, "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable." Santander Consumer USA, the creditor on whose behalf Hanna filed the suit, records a "charge off" when an account becomes one hundred and twenty (120) days contractually delinquent.[1]  Santander charged off the account on October 3, 2008. Thus, by counting back 120 days from the charge off date, it is clear that the state collection claim accrued no later than June 5, 2008, and the limitations period therefore expired on or before Friday, June 6, 2014.

The sole issue raised in Hanna's motion to dismiss is that service of the complaint in the state action was timely because the suit was filed eight months before the statute of limitations expired. The argument is simply untrue. An abundance of state and federal case law, including every one of the cases cited in the Defendant's brief, patently support the proposition that merely filing a lawsuit does not toll the running of the statute.  The mere filing of a lawsuit will not of

[1] See *Santander Consumer USA Holdings, Inc., Annual Report Form 10-K,* filed 03/06/14 with the United States Securities and Exchange Commission. Retrieved 02/18/15 from http://investors.santanderconsumerusa.com/files/doc_financials/Santander-2013-10K.pdf

itself operate to toll the statute of limitations. Service is also a vital ingredient. Chance v. Planters Rural Telephone Cooperative, Inc., 219 Ga. 1, 131 S.E.2d 541 (1963). "Where the applicable statute of limitations runs between the date of filing and the date of service, the relation back of the latter to the former is dependent upon the diligence exercised by the plaintiff in perfecting service." (Cits.) Georgia Farm Bureau Mutual Insurance Co. v. Kilgore, 265 GA. 836, 462 S.E.2d 713 (1995).

Hanna cites Giles v. State Farm Mutual Insurance Company, 765 S.E.2d 413 (Ga.App. 2014) and suggests to this Court "Georgia law unequivocally holds that a civil action may be served after the limitation period has expired so long as the complaint itself is timely filed." [Def. brief, pg. 6]. What the Defendant fails to mention is that Giles says that where a suit is filed within the statute of limitations but service is made after the statute of limitations expires, the relation back of service is dependent upon the <u>diligence</u> exercised by the plaintiff in perfecting service. Id. at 417. Curiously, Hanna omitted this important provision from the same page of the opinion cited in its brief.

If the action was filed within the period of limitation, but not served upon the defendant within the limitation period, Hanna must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper

4

service was made as quickly as possible. If reasonable and diligent efforts were not made to insure proper service as quickly as possible, Hanna would be guilty of laches, and in such case, service would not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitations. Floyd v. Piedmont Hospital, 213 Ga.App 749, 445 S.E.2d 844 (1994). "Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action. W.L. Webb v. R.F. Murphy, 142 Ga.App. 649, 236 S.E.2d 840 (1977).

What constitutes the requisite degree of diligence in order for a suit served outside the statute of limitations to be deemed "timely served?" The matter is within the trial court's discretion. Cantin v. Justice, 224 Ga.App. 195, 480 S.E.2d 250 (1997).  However, plaintiff must show that it acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. The trial court must look at all the facts and determine whether the plaintiff acted reasonably and diligently in attempting personal service as quickly as possible. Cohen v. Allstate Insurance Co., 277 GA.App. 437, 438, 626 S.E.2d 628, 630 (2006).  In Cohen, the trial court dismissed an action where the complaint was filed within the statute of limitations but was served outside the statute. The appellate court noted that eighteen months passed without any effort by the plaintiff to serve the defendant.

Federal law provides additional guidance on the issue which Hanna fails to address in its brief. Hanna contends that Arias v. Cameron, --- F.3d ——, 2015 WL 233068 (2015) holds that there is no time limit within which a plaintiff must seek service. However, Arias, even more strictly than Georgia case law, requires a plaintiff to act with the "greatest possible diligence", which Hanna has not shown this Court.

## III.   CONCLUSION

The issue of whether Hanna brought an action to collect a debt after the statute of limitations expired is factually dependent and subject to the discretion of the trier of fact.  Thus, Plaintiff's recovery in this action is plausible. Hanna has made no showing of diligence that might preclude Plaintiff's claims. Thus, the Defendant's Motion to Dismiss must be denied.

February 18, 2015

/s/ Lawrence A. Silverman
LAWRENCE A. SILVERMAN
GA Bar No. 646120
Attorney for Plaintiff

SOUTHEAST CONSUMER LAW
800 Johnson Ferry Rd.
Atlanta, GA 30342
Tel. 404-736-6020
Fax 404-745-0261
E-mail las@seclg.com

## LR 5.1B CERTIFICATION OF COUNSEL

I HEREBY CERTIFY that in accordance with LR 5.1B, the foregoing

brief was prepared in the following font: Times New Roman, 14 point.

/s/ Lawrence A. Silverman
LAWRENCE A. SILVERMAN
Attorney for Plaintiff