# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# GEORGIA ATLANTA DIVISION

| | |
|---|---|
| SHARON HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:15-CV-00119-GGB |
| FREDERICK J. HANNA & ) | |
| ASSOCIATES, P.C., ) | |
| ) | |
| Defendant, ) | |

## **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### I. **INTRODUCTION**

This Reply is being prepared in response to Plaintiff's Response to Defendant's Motion to Dismiss. Plaintiff's Complaint [1,] in short, claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by filing a claim outside of the statute of limitations against her. In her complaint, Plaintiff concedes that the lawsuit was filed well inside of the statute, but attempts to contend that it is nonetheless a violation of the FDCPA because service was not perfected until after the statute allegedly expired. To the extent that the factual statements made by Plaintiff can be construed as true, it is still clear that the action itself was filed within the applicable statute of limitations and, as such, no

violation of the FDCPA can be claimed and the action must be dismissed with prejudice.

**II.  ARGUMENT**

In Reply to Plaintiff's Response Brief, Defendant must again assert that this action is being brought under the Fair Debt Collections Practices Act ("FDCPA.") Nowhere in the FDCPA – specifically within 15 USC §1692e and 15 USC §1692f – is it stated that an action filed or served outside of the statute of limitations is a violation of the black letter law. Even if this was included within the statute, however, it is uncontroverted that this case was clearly *commenced* within the statute of limitations[1].

Instead, Plaintiff wishes to make her claim based upon the date of service of the action. Defendant concedes that a delay in service (without sufficient attempts to serve) *may* be the grounds for dismissal of an action. See Heard v. Hart, 241 Ga. App. 441 ("The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the expiration [of the statute of limitations] is a matter within the trial court's discretion.") Laches, however, is an affirmative defense, which would be brought in the

---

[1] See Complaint [1] at Paragraph 23 "HANNA violated 15 USC 1692e by knowingly *commencing* a legal action against Plaintiff after the expiration of the applicable statute of limitations." See also Id. at paragraphs 25 and 26.

2

underlying action. In circumstances where the court dictates that a plaintiff was insufficiently diligent in making service, that case may be dismissed or a summary judgment may be granted on behalf of a defendant. Id. In the underlying matter, the action was voluntarily dismissed by Defendant's client and this issue was not reached by the trial court.

In this case, however, Plaintiff is attempting to take this theory to an extreme. Plaintiff has not identified *any* case based under the FDCPA – despite the vast amount of case law on the issue[2] – which would support the claim that a timely filed lawsuit would be a violation of the FDCPA due to a delay in service. Instead, Plaintiff is attempting to bring this action based upon the vague claims that: the legal status of the debt was misrepresented; that the attempt to collect a debt was unfair and/or unconscionable; and that false representations and/or deceptive means were used to attempt to collect the debt. All of these are based upon the premise that the action was "commenced" on a time-barred debt. See Complaint [1.]

Plaintiff concedes that "by any measure the suit was filed within Georgia's statutory six-year limitation period." Plaintiff's Response to Defendant's Motion

---

[2] As this Court is surely aware, the FDPCA is a highly litigated statute. In 2011 alone, 12,237 lawsuits were filed under the act, which 74,620 have been filed since 2006. See Web Recon, LLC, *Debt Collection Litigation & CFPB Complaint Statistics, December 2014 and Year in Review* <http://dev.webrecon.com/debt-collection-litigation-cfpb-complaint-statistics-december-2014-and-year-in-review/> (March4, 2015.)

to Dismiss [5] at 2. Plaintiff further concedes that it is within the trial court's discretion to make the determination as to whether service of an action is timely and whether pursuit of that service was sufficiently diligent. <u>Id</u>. at 5.

Thus, ultimately, Plaintiff is attempting to bring an FDCPA action on a matter in which the Georgia courts would have been within their right to uphold the action as timely and properly served. All in all, this case consists of a timely filed suit, proper service, and judicial discretion in whether or not that service should be upheld. Nothing in the claim gives rise to any violation of Federal law and nothing in the action violated any state law claim in Georgia.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Hanna respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

Date: March 4, 2015

/s/ Scot W. Groghan
Scot W. Groghan, GA Bar #142250
Frederick J. Hanna & Associates, P.C.
2253 Northwest Parkway
Marietta, GA 30067
Telephone: 770.988.9055
Facsimile: 770.980.0528
groghan.scot@hannalawoffice.com

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with14 point New Times Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Date: March 4, 2015        /s/ Scot W. Groghan
                                                  Scot W. Groghan, GA Bar #142250
                                                  Frederick J. Hanna & Associates, P.C.
                                                  2253 Northwest Parkway
                                                  Marietta, GA 30067
                                                  Telephone: 770.988.9055
                                                  Facsimile: 770.980.0528
                                                  groghan.scot@hannalawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of Defendant's Motion to Dismiss and Supporting Memorandum of Law with the Clerk of Court and all counsel of record using the CM/ECF system:

> Lawrence A. Silverman
> las@seclg.com

Respectfully submitted,

Date: March 4, 2015

/s/ Scot W. Groghan
Scot W. Groghan, GA Bar #142250
Frederick J. Hanna & Associates, P.C.
2253 Northwest Parkway
Marietta, GA 30067
Telephone: 770.988.9055
Facsimile: 770.980.0528
groghan.scot@hannalawoffice.com